UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 25-CR-00211 (DWF/ECW)

-----------------------------

UNITED STATES OF AMERICA,

        PLAINTIFF,

                          **DEFENDANT'S MOTION TO EXCLUDE PREDICATE CONVICTION'S UNDER 18 U.S.C. § 924 (E)**

vs.

RUDDELL ALPHONSO MOORE,

        DEFENDANT.

-----------------------------

## I. INTRODUCTION

    The government seeks an enhanced penalty under ACCA 18 U.S.C.§924(e) based on Mr. Moore's prior Minnesota conviction's for assault in the second degree (Minn. Stat.§609.222) and aggravated robbery in the first degree (Minn. Stat.609.245) each of these conviction's, however was obtained under Minnesota's aid and abetting statue, Minn. Stat. 609.05. Because Minnesota's accomplice liability statute criminalizes conduct that does not categorically require the use, attempted use, or threatened use of force. These conviction's cannot serve a predicated. "violent felonies" under ACCA. See <u>Borden v. United states</u>, 141 s. Ct. 1817 (2021); <u>United States v. Taylor</u>, 596 U.S. 845 (2022). Accordingly, the ACCA enhancement should not apply.

## II. LEGAL STANDARD

    ACCA imposes a mandatory minimum 15-year sentence on a defendant convicted under §922(g) who has **three prior convictions** for a "violent felony" or a "serious drug offense." 18

U.S.C§ 924(e)(l).

A "violent felony" is defined as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." §924(e)(2)(B)(i).

The Supreme Court has made clear:

- ***Borden v. United States***, 141 S. ct. 1817 (2021): ACCA's force clause requires purposeful or knowing conduct, not reckless or indirect participation.

- ***United States v. Taylor***, 596 U.S. 845 (2022): offenses that can be committed without the actual or threatened use of force (such as attempt liability) do not categorically qualify as crime of violence.

- ***Descamps v. United States***, 570 U.S. 254 (2013): The categorical approach applies; courts look to statutory elements, not the defendant's conduct.

Thus, a predicate conviction qualifies under ACCA only if it's Statutory elements require proof of violent force.

### III. MINNESOTA AIDING & ABETTING LIABILITY (§609.05)

Minn. Stat. §609.05, subd. 1 provides:

"A person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime."

This statute does not require that the defendant personally use, attempt, or threaten force. Minnesota courts have repeatedly upheld aiding and abetting convictions where the defendant merely acted as a lookout, getaway driver, or facilitator, even when they themselves never engaged in violent conduct.

Accordingly, a person may be convicted of aggravated robbery or assault in Minnesota

solely on the basis of conduct that does not involve the intentional use of violent force.

## IV. APPLICATION TO MR. MOORE'S PRIOR CONVICTIONS

1. **Assault in the second degree (Minn. Stat.§609.222)**

    * The government may argue this offense is a categorical violent felony.
    * But when committed under §609.05 a defendant may be convicted as an aider & abettor without personally using or threatening force- for example, simply by driving another person to the scene.
    * Under Borden, this exceeds ACCA's force clause.

2. **Aggravated Robbery in the first Degree (Minn. Stat.§609.245)**

    * The eighth Circuit has held aggravated robbery categorically involves violent force (*United States v. Pettis*, 888 f.3d 962 (gth cir. 2018)).
    * However, Pettis did not address aiding & abetting liability.
    * Aiding and abetting robbery in Minnesota can be based on conduct lacking the "use, attempted use, or threatened use of physical force" required by ACCA. Under Taylor, that renders the conviction overbroad.

3. **Serious Drug Offense (Minn. Stat.§152.023 subd. 1, Controlled Substance Crime in the Third Degree-Sale)**

* This offense does not qualify as an ACCA predicate. In *United States v. Owen*, 51 F.4th 292(8th Cir. (2022), the Eighth Circuit held that Minnesota's controlled substance schedules are broader than federal law, making the statute categorically overbroad.

## V. CONCLUSION

The government bears the burden of proving that Mr. Moore's prior convictions qualify as ACCA predicates. Because Minnesota aiding & abetting liability under§ 609.05 extends to conduct that does not require the intentional use or threatened use of force, Mr. Moore's convictions for assault in the second Degree and Aggravated Robbery in the first Degree cannot serve as violent felony predicates.

Moreover, his 2021 drug sale conviction under Minn. Stat. § 152.023, subd. 1Does not qualify as a serious drug offense under *Owen*.

Accordingly, the government cannot establish three qualifying predicates under ACCA, and the 15-year mandatory minimum sentence should not apply.

Respectfully,

RIVERS LAW FIRM, P.A.

Date: September 25, 2025

By: /s/ Bruce Rivers
Bruce Rivers (#282698)
Attorney For Defendant
701 Fourth Avenue South, Suite 300
Minneapolis, MN 55415
Telephone: 612-339-3939
Facsimile: 612-332-4003